**Walter M. Yoka (SB#945360)**
**Anthony F. Latiolait (SB#132378)**
**alatiolait@yokasmith.com**
**Kathy Schmeckpeper (SB#217100)**
**YOKA & SMITH, LLP**
**777 South Figueroa Street, Suite 4200**
**Los Angeles, California 90017**
**Phone: (213) 427-2300**
**Fax:     (213) 427-2330**
Attorneys for Defendant, CONTINENTAL
TIRE NORTH AMERICA, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KATHLEEN MURPHY; and DANIELA VERELA, | Case No.:  CV 09-3004-GHK (FMOx) |
| | Judge: George H. King |
| Plaintiff, | **PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION PRODUCED BY DEFENDANT CONTINENTAL TIRE NORTH AMERICA, INC.; AND ORDER THEREON** |
| vs. | |
| CONTINENTAL TIRE NORTH AMERICA, INC.; FORD MOTOR COMPANY; TRW AUTOMOTIVE; TRW, INC.; TRW VEHICLE SAFETY SYSTEMS, INC.; and DOES 1-20, inclusively | **NOTE CHANGES MADE BY THE COURT.** |
| | DISCOVERY MATTER |
| Defendants. | Complaint Filed: 3/26/09 |

It is hereby agreed by the parties, and so ordered by the Court, that all documents and other materials produced by Continental Tire North America, Inc. ("CTNA"), either voluntarily or by Order of the Court, have been and will be produced under the following conditions:

1

170786.1

## I.

A.      The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business, research, development and/or other commercially sensitive information of CTNA, and that CTNA maintains that it has a protected proprietary and property interest in those materials as "Trade Secrets" that are deserving of protection.  A Trade Secret as defined by California Civil Code 3426.1(d) "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

B.      When used in this Protective Order, the word "CONFIDENTIAL" is intended to include designated business, research, development, and other confidential and/or proprietary information of CTNA as set forth in Sections I.C. and I.D.

C.      When used in this Protective Order, the term "CONFIDENTIAL MATERIAL" is intended to include all designated CONFIDENTIAL written materials, computer documents, design drawings, mold drawings, tire standards, claims histories, adjustment data, testing documentation, videotapes, answers to Interrogatories, responses to Requests for Production, Responses to Requests for Admissions, deposition transcripts, documents produced by CTNA to any governmental agency or body such as the National Highway Traffic Safety Administration ("NHTSA") at any time and deemed by that agency or body to be confidential pursuant to 49 CFR § 512, or other similar regulations, and all other designated tangible items which disclose CONFIDENTIAL INFORMATION.  The term "CONFIDENTIAL INFORMATION" shall mean any information contained in CONFIDENTIAL MATERIAL.

170786.1

1

2        D.    <u>GOOD CAUSE STATEMENT</u>:  Good cause for issuance of the

3 protective order is set forth in the attached declaration of Dennis Bible.  As indicated

4 in the declaration of the Dennis Bible, the following items identified in CTNA's

5 initial disclosure are considered to be Confidential and proprietary:   the Plant Build

6 Specification for the subject tire; the Cured Tire Standard for the subject tire; design

7 drawings for the subject tire; Federal Motor Vehicle Safety Standards test data

8 applicable to the subject tire; personal injury claims data involving allegations of

9 tread/belt separations in tires made to the same specification and at the same plant as

10 the subject tire through the date of the subject accident; Warranty Adjustments for

11 belt/tread durability involving tires made to the same specification and at the same

12 plant as the subject tire through the date of the subject accident; and production data

13 for tires made to the same specification and at the same plant as the subject tire

14 through the date of the subject accident.

15        E.    In order to designate a portion of any document or other printed

16 material as CONFIDENTIAL, CTNA shall mark the designated pages of the

17 material with the following legend:  **CONFIDENTIAL- DISCLOSURE OF THIS**

18 **INFORMATION IS SUBJECT TO A PROTECTIVE ORDER AND MAY**

19 **ONLY BE USED IN THE CASE OF *KATHLEEN MURPHY, ET AL. v.***

20 ***CONTINENTAL TIRE NORTH AMERICA, INC., ET AL.*, CASE NO. 2:09-CV-**

21 **03004-GHK-FMO, AND NOT FOR ANY OTHER PURPOSE**

22 **WHATSOEVER.**  The Confidentiality legend shall be placed in a manner that does

23 not cover, obscure, or impair the legibility of any information contained within the

24 material.  In order to designate a computer database, disc, compact disc, drive, or

25 other electronically recorded material as CONFIDENTIAL, CTNA shall mark the

26 case or envelope containing the material with the word CONFIDENTIAL or apply

27 the confidentiality legend set forth above.  Documents printed from such electronic

28 media shall be marked the same as documents originally produced on paper.  In the

3

case of a deposition or oral examination, counsel for CTNA may, during the deposition, designate on the record that testimony involving CONFIDENTIAL MATERIAL be held *as* CONFIDENTIAL, and the entire deposition transcript will be treated *as* CONFIDENTIAL until counsel for CTNA receives a transcript of the deposition and for 30 days thereafter.  After receipt of the deposition transcript, CTNA shall identify by page and line the portion of the material that CTNA intends to designate as CONFIDENTIAL in a written letter served to all counsel of record and court reporter within 30 days after receiving the written deposition transcript from the court reporter.  Only the portions of the deposition transcript designated by CTNA during this time period shall remain CONFIDENTIAL. The parties stipulate that the court reporter or videographer for any such depositions will be given a copy of this Protective Order, will execute an acknowledgement thereof; and shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I E below) any deposition testimony or exhibits in this lawsuit.

F.      When used in this Protective Order, the term COVERED PERSONS includes only the following:: (1) the Court and all Court personnel; (2) the named parties to this litigation ; (3) the named counsel of record for all parties to this litigation ,  and their employees, to the extent reasonably necessary for such persons to render assistance in this litigation; and (4) experts retained or consulted by counsel of record for any party other than CTNA to assist in the preparation, prosecution, or evaluation of this litigation.  Although this protective order applies to CTNA, CTNA is free to use the confidential information as it deems necessary in the day to day operations of its business so long as CTNA continues to maintain the confidentiality of those materials.

## II.

Absent a further order of the Court, CONFIDENTIAL MATERIAL, as described in Sections I.C and I.D, shall not be used for any purpose other than the

4

170786.1

1    prosecution or defense of this captioned action, and shall not be shown,

2    disseminated or disclosed in any manner to anyone other than COVERED PERSONS

3    without the prior written agreement of CTNA or order of the Court after due notice

4    to CTNA.

5                                              **III.**

6           Before showing or divulging any CONFIDENTIAL MATERIAL or

7    CONFIDENTIAL INFORMATION to any COVERED PERSON other than the

8    Court and Court personnel, counsel shall first obtain from each such person a

9    signed WRITTEN ASSURANCE in the form attached hereto as Exhibit "A."

10   Counsel shall maintain a list of all such recipients of CONFIDENTIAL

11   MATERIAL to whom this paragraph applies and the original or legible copy of

12   every WRITTEN ASSURANCE required pursuant to this paragraph.  At the

13   conclusion of the litigation, the parties shall, upon demand, forward to counsel for

14   CTNA each and every signed WRITTEN ASSURANCE and a list of all

15   recipients of CONFIDENTIAL MATERIALS; however, with regard to

16   consultant(s) not identified as expert(s) in this matter, counsel need only provide

17   a copy of the WRITTEN ASSURANCE redacted to remove any reference to the

18   identity of the consultant(s); provided, however, that if CTNA has a good faith

19   reason to believe that CONFIDENTIAL MATERIAL or CONFIDENTIAL

20   INFORMATION produced in this case has been improperly disclosed in violation of

21   this Order, then CTNA may either request that Counsel for any other party provide

22   the WRITTEN ASSURANCES for non-disclosed consulting experts or may petition

23   the Court to review the WRITTEN ASSURANCES.

24                                             **IV.**

25          If any CONFIDENTIAL MATERIAL is filed with the Court, including any

26   pleading incorporating CONFIDENTIAL MATERIAL, the portion of such filing

27   containing CONFIDENTIAL MATERIAL shall be filed in a sealed envelope on

28   which the following language shall prominently appear:

170786.1

> (*Kathleen Murphy, et al. v. Continental Tire North America, Inc., et al.*, CASE NO. 2:09-CV-03004-GHK-FMO)
>
> <u>CONFIDENTIAL - This envelope contains confidential documents and information produced by Continental Tire North America, Inc. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.</u>

B.    CONFIDENTIAL MATERIAL may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for CTNA is present.  The applicability of this Agreement to either exhibits, testimony, documents or tangible things either referred to or introduced into evidence at trial shall be determined by the Court at the time of trial.

C.    All writings submitted to or filed with the Court in connection with any pre-trial proceeding that contain, set forth, summarize or otherwise disclose CONFIDENTIAL MATERIAL shall be filed under seal and such documents shall not be publicly available, except by further order of this Court.  Any application to file documents under seal shall comply with Local Rule 79-5, even if the documents are designated confidential.

D.    If any party or person who has obtained CONFIDENTIAL MATERIAL under the terms of this Protective Order receives a subpoena or other legal process commanding the production of any such CONFIDENTIAL MATERIAL (the "Subpoena"), such party or person shall promptly notify all counsel of the Subpoena.  The party or person receiving the Subpoena shall not produce any CONFIDENTIAL MATERIAL in response to the Subpoena without first giving prompt notice to CTNA so that it may take appropriate steps to protect the information from further disclosure.  Under no circumstances,

170786.1

however, is a person or party required to violate the law in order to help protect CTNA's claim of confidentiality.  CTNA shall have the burden of seeking a court order relieving the subpoenaed party or person of the obligations of the Subpoena prior to the return date of the Subpoena, or the subpoenaed person or party shall be relieved of its obligations under this paragraph.

E.     The determination of whether the party producing discovery in this action has waived the Confidential status of any CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION (regardless of whether designated as Confidential or not) and whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced  shall be determined by applicable state and/or federal law.

## V.

Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for the parties shall either deliver to counsel for CTNA all CONFIDENTIAL MATERIAL including any copies (except those determined by the Court or agreed by the parties not to be CONFIDENTIAL) which have been disseminated to any COVERED PERSONS, or, alternatively, must certify to CTNA by way of written communication that all such materials have been destroyed.

///

///

///

## VI.

In the event counsel for any party, in good faith, disputes the designation of any document as CONFIDENTIAL he or she shall notify counsel for CTNA in writing.  Upon receipt of such a notice, CTNA must apply to the Court for a determination that the document is or is not protected pursuant to this Protective

7

170786.1

Order.  CTNA must file a motion with the Court within thirty (30) days of the parties completing the meet and confer requirements as specified by Rule 37 of the Local Rules of the United States District Court for the Central District of California. If CTNA fails to file an appropriate motion within thirty (30) days, all protection previously provided is waived.  If a timely motion is filed by CTNA, until a final determination by the Court is made, any disputed document will be treated as CONFIDENTIAL MATERIAL pursuant to this Protective Order, Nothing in the Protective Order shall be construed to alter or shift the burdens of proof and persuasion as they apply to the assertion of privileges or exemptions from public disclosure.

## VII.

Any item designated and produced by CTNA as "CONFIDENTIAL" and deserving of business protection shall be deemed an authentic copy of the original document, and a business record of the corporation for purposes of this litigation, without the requirement of any further proof or evidence.  If CTNA contends that a particular document that it has labeled as "Confidential or proprietary" is not a business record of the corporation, CTNA shall make that clear to all counsel at the time of production so that appropriate discovery can be conducted about the issue if necessary..  This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure, Federal Rules of Evidence or any other statute or substantive law applicable to this case.

/ / /

/ / /

/ / /

/ / /

/ / /

8

170786.1

At the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Protective Order.

ORDERED by the Court this 10th day of March, 2010.


/s/
_____
HON. FERNANDO M. OLGUIN
UNITED STATES MAGISGRATE
JUDGE

**APPROVED AND AGREED AS
TO FORM AND CONTENT:**



_____
C. Tab Turner
**Attorney for Plaintiffs**



_____
Cecilia Han
Fabrice N. Vincent
**Attorney for Plaintiffs**




_____
Robert J. Gibson
Bobbie N. Eftekar
**Attorney for Defendant
Ford Motor Company**

170786.1

1

2

3
_____
George A. Pisano

4
**Attorney for Defendants**

**TRW Automotive**

5
**TRW, Inc.**

6

7

8
_____
David B. Weinstein

9
George A. Pisano

10
Katheryne MarDock

**Attorney for Defendant**

11
**TRW Vehicle Safety Systems, Inc.**

12

13

14
_____
Walter M. Yoka

15
Anthony F. Latiolait

**Attorneys for Defendant**

16
**Continental Tire North America, Inc.**

17

18

19

20

21

22

23

24

25

26

27

28

170786.1

1  **Walter M. Yoka (SB#945360**
2  **Anthony F. Latiolait (SB#132378)**
   **alatiolait@yokasmith.com**
3  **Kathy Schmeckpeper (SB#217100)**
4  **YOKA & SMITH, LLP**
   **777 South Figueroa Street, Suite 4200**
5  **Los Angeles, California 90017**
6  **Phone: (213) 427-2300**
   **Fax:    (213) 427-2330**
7  Attorneys for Defendant, CONTINENTAL
8  TIRE NORTH AMERICA, INC.

9

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

12

13  KATHLEEN MURPHY; and DANIELA    ) Case No.: CV 09-3004-GHK (FMOx)
14  VERELA,                          ) Judge: George H. King
                                      )
15                        Plaintiff,  ) **EXHIBIT "A"**
                                      )
16         vs.                        )
                                      ) **WRITTEN ASSURANCE**
17                                    )
18  CONTINENTAL TIRE NORTH           )
    AMERICA, INC.; FORD MOTOR        )
19  COMPANY; TRW AUTOMOTIVE;         )
    TRW, INC.; TRW VEHICLE SAFETY    )
20  SYSTEMS, INC.; and DOES 1-20,    )
    inclusively                      ) Complaint Filed: 3/26/09
21                                    )
22                        Defendants. )
23                                    )
    _____)
24

25        I hereby acknowledge and affirm that I have read the terms and conditions of

26

27  the Protective Order agreed to by the parties in the above-captioned matter dated

28  _____.  I understand the terms of said Protective Order and under

                                    11

170786.1

oath consent to be bound by the terms of said Protective Order, as a condition to being provided access to the Confidential Material and Confidential Information furnished by Continental Tire North America, Inc. ("CTNA").  Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court or any Court of competent jurisdiction for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by CTNA and are not waived by the disclosure provided for

///

///

///

///

///

///

///

///

///

///

///

170786.1

herein.  Further, in the event of the breach of this Agreement, I recognize that CTNA may pursue all civil remedies available to it as a third-party beneficiary of this Agreement.

DATED:

_____

_____

Name

_____

Firm

_____

Address

_____

Telephone Number

SUBSCRIBED AND SWORN TO ME THIS \_\_\_\_ day of _____, 2009.

_____

Notary Public

_____

My Commission Expires

13