UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN MURPHY, et al., | No. CV 09-3004 GHK (FMOx) |
| Plaintiffs, | |
| v. | **ORDER RE: PARTIES' PROPOSED PROTECTIVE ORDER** |
| CONTINENTAL TIRE NORTH AMERICA, INC., et al., | |
| Defendants. | |

The court has received and considered the parties' "Stipulated Protective Order" ("Protective Order"). The court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons.

First, the parties' statement of good cause is insufficient. (See Protective Order at 1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002); see also Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."); Makar-Wellbon v. Sony Elecs., Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing). The proposed Protective Order must set forth the specific prejudice or harm that will result to each party if the Protective Order

is not granted as to the categories of documents or information the parties seek to protect. The statement of good cause should be preceded by a heading entitled, "GOOD CAUSE STATEMENT."

Second, it is unclear as to what type of information the parties want to keep confidential. (See Protective Order at ¶¶ 1-3). A protective order must be narrowly tailored and cannot be overbroad. The documents, information, items or materials that are subject to the protective order shall be described in a meaningful fashion (e.g., "blueprints," "customer lists," or "market surveys"). It is not sufficient to use conclusory terms such as "confidential technical information." (See id. at ¶ 3). Statements that a producing party may designate as confidential "a trade secret,[1] . . . technical information or other commercially sensitive information, the dissemination of which could damage the party's competitive position[,]" (id.), are insufficient.

Third, the court will not approve a protective order that requires the court or its employees to provide any protection for confidential material beyond that required by Local Rule 79-5. (See Protective Order at ¶¶ 9, 12 & 17). Fourth, the court will not destroy or return any documents from its files to the producing party for disposition. (See id. at ¶¶ 6.d. & 7). Fifth, once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of a protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise. The court will not enter a protective order that extends beyond the commencement of trial. (See id. at ¶¶ 10, 15 & 16).

Sixth, any disputes relating to the Protective Order such as designation of confidential documents must be done pursuant to Local Rule 37. (See Protective Order at ¶ 19). In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if no protective order is granted. See Phillips, 307 F.3d at 1210-11.

---

[1] In proposing or agreeing to the protection of "trade secrets," the definition for that term in California Civil Code § 3426.1 should be incorporated into the protective order, either by reference or by quotation.

1  Finally, the fact that a protective order has not been entered in this case as to discovery
2  material produced by defendant Ford Motor Company, does not excuse the parties from fully
3  complying with all discovery requests. See, e.g., Garcia v. Almieda, 2006 WL 3001171, at *4 (E.D.
4  Cal. 2006) ("[F]iling a motion for a protective order does not work to immediately shield the moving
5  party from the [duty to appear at a] deposition."); Cima v. WellPoint Health Networks, Inc., 2008
6  WL 746916, at *4 (S.D. Ill. 2008) (the duty to timely respond to interrogatories or requests for
7  production is not altered by a pending protective order); see also Schwarzer, Tashima &
8  Wagstaffe, Cal. Practice Guide: Fed. Civ. Pro. Before Trial ¶ 11:1166 (The Rutter Group 2010)
9  ("The mere fact that a motion for protective order is pending does not itself excuse the
10 subpoenaed party from making discovery[.]").
11 Dated this 9th day of August, 2010.

/s/
Fernando M. Olguin
United States Magistrate Judge