Robert J. Gibson (#144974)
hgibson@swlaw.com
Daniel S. Rodman (#156156)
drodman@swlaw.com
Bobbie Eftekar (#240102)
beftekar@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
714.427.7000

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KATHLEEN MURPHY; and DANIELA VERELA, <br><br> Plaintiffs, <br><br> vs. <br><br> CONTINENTAL TIRE NORTH AMERICA, INC.; FORD MOTOR COMPANY; TRW AUTOMOTIVE; TRW, INC.; TRW VEHICLE SAFETY SYSTEMS, INC.; and DOES 1-20, inclusively, <br><br> Defendants. | CASE NO. CV09-03004 GHK (FMOx) <br><br> **STIPULATED PROTECTIVE ORDER; DECLARATION OF DAVID WOTTON IN SUPPORT; [PROPOSED] ORDER THEREON** <br><br> DATE OF REMOVAL: April 29, 2009 <br> TRIAL DATE: None |

## STIPULATED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercially sensitive and proprietary documents to be produced by FORD MOTOR COMPANY ("Ford" or "producing party") in this action, it is ordered that:

1. Documents to be produced by Ford in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." As of the date this Stipulated Protective Order was submitted to the Court by the parties for entry, "Protected Documents" include documents and materials

10812981. 6

1  containing confidential, proprietary, commercially sensitive, or trade secret
2  information associated with one or more of the following categories: (1) future
3  model year vehicles, designs, and design concepts; (2) cost, profit or other financial
4  information; (3) National Highway Traffic Safety Administration FMVSS 216
5  proposed rulemakings; (4) technologically advanced engineering concepts, designs
6  and testing; and (5) proprietary engineering methodologies, designs, and testing.
7  Any document or any information designated as "Subject to Protective Order,"
8  "Confidential," or other similar language in accordance with the provisions of this
9  Stipulation and the Court's Order, whether identified as "Sharing" or "Non-
10  Sharing", shall only be used, shown or disclosed as provided in this Stipulation and
11  the Court's corresponding Protective Order. To the extent Ford is requested to
12  produce confidential documents in addition to those listed in the categories
13  described above, Ford reserves the right to subsequently request that the parties
14  and/or this Court amend this Stipulated Protective Order to include any additional
15  category of "Protected Documents" prior to the production of any such documents.
16        2.   As used in this Order, the term "documents" means all written
17  material, videotapes and all other tangible items, produced in whatever format (e.g.,
18  hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy,
19  videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).
20        3.   The burden of proving that a Protected Document contains confidential
21  technical information is on the party producing the document. Prior to designating
22  any material as "Protected", the producing party must make a bona fide
23  determination that the material is, in fact, a trade secret, confidential technical
24  information or other commercially sensitive information, the dissemination of
25  which would damage the party's competitive position. At any time after the
26  delivery of documents, deposition testimony, or discovery materials designated
27  "confidential" or "subject to protective order," the receiving party may challenge
28  the confidential designation of any such document or transcript (or portion thereof)

10812981. 6                                    -2-                    Case No. CV09-03004 GHK (FMOx)
                                                                      STIPULATED PROTECTIVE ORDER

1  by providing written notice thereof to counsel for the producing party specifying
2  the items in dispute and the nature of the dispute.  If the parties are unable to agree
3  as to whether the confidential designation of the document(s) or information in
4  question is appropriate, the producing party shall have thirty (30) days from the last
5  written communication related to the parties' meet and confer efforts to move for a
6  protective order with regard to the discovery in dispute pursuant to Local Rule 37,
7  and shall have the burden of establishing that the discovery is entitled to protection
8  from unrestricted disclosure.  If the producing party does not seek protection of
9  such disputed discovery materials by filing an appropriate motion with the Court
10 within thirty (30) days from the last written communication related to the parties'
11 meet and confer efforts, then the disputed material shall no longer be subject to
12 protection as provided in this Order.  All documents or things which any party
13 designates as "confidential" or "subject to protective order" shall be accorded
14 confidential status pursuant to the terms of this protective order until and unless the
15 parties formally agree in writing to the contrary or a determination is made by the
16 Court as to confidential status.

17       4.    The designation of Protected Documents may be made by marking or
18 placing the notice "Subject to Protective Order" or substantially similar notice, on
19 the document, or, where a copy of the original document is to be produced, on that
20 copy in a location that does not cover or mark over any textual material if possible.

21       5.    Protected Documents and any copies thereof received pursuant to
22 paragraph 6 below shall be maintained confidential by the receiving party, his/her
23 attorney, other representatives, and expert witnesses, and shall be used only for
24 preparation for the trial of this matter, subject to the qualifications set forth herein.

25       6.    Protected Documents shall be disclosed only to "Qualified Persons."
26 Qualified Persons are limited to:
27         a.    Counsel of Record for the parties, and the parties;
28         b.    Employees of Counsel of Record involved in the preparation

10812981. 6                     -3-                    Case No. CV09-03004 GHK (FMOx)
                                                       STIPULATED PROTECTIVE ORDER

1 and trial of this action;

    c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

    d. The Court, the Court's staff, witnesses, and the jury in this case; and

    e. Attorneys representing Plaintiffs, and the experts and non-attorney consultants retained by such attorneys, in other cases either pending or being investigated against Ford involving a UN105 Ford Explorer or Mercury Mountaineer involving the same allegations asserted in this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

7. Plaintiffs' Counsel must make reasonable efforts to insure the individuals described in paragraphs 6(b), 6(c) and 6(e) above are "Qualified Persons." Within fourteen (14) days of receipt of notice of the conclusion of this litigation, each Qualified Person under paragraph 6(a), 6(b), 6(c) and 6(e) of this ORDER shall:

    a. Either destroy, or return to the counsel that disclosed Confidential Documents or Information to them, the originals and all copies of Confidential Documents and materials produced pursuant to the terms of this Order; and

    b. Serve upon the disclosing counsel an affidavit in the form of Exhibit B attesting that he/she has returned or destroyed the originals and all copies of Confidential Documents and Information which were produced pursuant to the terms of this Order.

      8.      Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for Plaintiffs shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons all persons described in paragraphs 6(b), 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Counsel for the receiving party will retain the Written Assurance and will keep a list containing the names and addresses of all persons who have received protected documents for inspection by the Court and, upon order of the Court, counsel for the producing party.

      9.      As the Protected Documents may only be distributed to "Qualified Persons," Plaintiffs' Counsel, Defendants' Counsel, and all persons described in paragraph 6 above may not post Protected Documents on any website or internet accessible document repository, except in accordance with Local Rule 79-5.

      10.      To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, or to the extent that deposition testimony is otherwise marked "confidential", such documents, information and/or testimony shall remain subject to the provisions of this Order while this Protective Order is in effect, along with the transcript pages of the deposition testimony dealing with the Protected Documents, information and/or testimony. If any receiving party intends to use Protected Documents or information obtained therefrom during trial whether through exhibits or testimony, such receiving party shall let Counsel for Ford know the bates number of each such Protected Document thirty days prior to the commencement of trial or simultaneously with the exchange of exhibit lists, whichever occurs earlier, so that Ford may apply to the Court in advance of trial for the necessary protection pursuant to Local Rules and the Court's Orders.

1    11.    All documents that are filed with the Court that contain any portion of
2    any Protected Document or information taken from any Protected Document shall
3    be filed in accordance with Local Rule 79-5 in a sealed envelope or other
4    appropriate sealed container on which shall be endorsed the title of the action to
5    which it pertains, an indication of the nature of the contents of such sealed envelope
6    or other container, the phrase "Subject To Protective Order" and a statement
7    substantially in the following form:  "This envelope or container shall not be
8    opened without order of the Court, except by officers of the Court and counsel of
9    record, who, after reviewing the contents, shall return them to the clerk in a sealed
10   envelope or container."

11   12.    In accordance with Local Rule 79-5, any court reporter or transcriber
12   who reports or transcribes testimony in this action shall agree that all "confidential"
13   information designated as such under this Order shall remain "confidential" and
14   shall not be disclosed by them, except pursuant to the terms of this Order or Local
15   Rule 79-5, and that, in accordance with Local Rule 79-5, any notes or transcriptions
16   of such testimony (and any accompanying exhibits) will be retained by the reporter
17   or, in the case of testimony transcribed outside of Court, delivered to counsel of
18   record.

19   13.    Inadvertent or unintentional production of documents or information
20   containing information which should have been designated as "confidential" shall
21   not be deemed a waiver in whole or in part of the party's claims of confidentiality.

22   14.    This Protective Order may not be waived, modified, abandoned or
23   terminated, in whole or part, except by an instrument in writing signed by the
24   parties or as provided for in Paragraph 3 herein above.  If any provision of this
25   Protective Order shall be held invalid for any reason whatsoever, the remaining
26   provisions shall not be affected thereby.

27   15.    The provisions of this Order shall be binding up until the
28   commencement of trial.  This Court retains and shall have jurisdiction over the

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation should it later be discovered that any party failed to comply with the terms of this Protective Order while it was in effect.

16.    For the duration of the term which this Protective Order is in effect, the Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17.    All persons described in paragraph 6(a), 6(b), 6(c), and 6(e) above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

18.    Unless the Court orders otherwise, within sixty (60) days after the conclusion of this litigation, every counsel who has received the Confidential Documents or information of another party shall:

    a.    Return or destroy the original and all copies of the Confidential Documents produced subject to the terms of this Protective Order by the Producing Party which are in the possession, custody or control of such counsel; and

    b.    Inform counsel for the Producing Party in writing of the identity of any Confidential Documents or Information contained in or derived from such documents, known to such counsel, which have *not* been returned and/or destroyed in the manner required by this ORDER, and the identity of any person who has failed to

<div style="margin-left: 2em;">
return each such Confidential Document and/or item of Confidential Information.
</div>

19. Should a party producing documents contend that certain, specific selected documents contain information of a highly sensitive proprietary and/or commercial nature which it desires to produce subject to greater restrictions than provided in paragraph 6, the producing party shall visibly mark such material "Subject to Non-Sharing Protective Order" or other similar designation as "Non-Sharing." The marking will be made in the document margin so as to not obscure the text of the document in the original or any copies if possible. Documents so marked and information therein may not be disclosed pursuant to paragraph 6(e) above. If a party disagrees that any document so designated should not be entitled to such restrictions, the party will so notify the producing party in writing. Pursuant to Local Rule 37, the producing party will timely apply to this Court to set a hearing for the purpose of establishing that said information is confidential and that "Non-Sharing" restrictions are justified. The party seeking to maintain a document as "Non-Sharing" shall bear the burden of showing that specific prejudice or harm will result if no protective order is granted. Any document so marked as "Non-Sharing" will continue to be treated as such pending determination by the Court as to its confidential status.

20. Within ninety (90) days after the conclusion of this case, counsel for the parties who received Protected Documents which are marked "Non-Sharing" or other similar designation as "Non-Sharing" pursuant to paragraph 19 of this Protective Order shall either: (a) return to Ford the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above; or (b) securely destroy the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, and certify such destruction to Ford.

21. **GOOD CAUSE STATEMENT**: Good cause exists for this Protective Order because Ford's business interests will be prejudiced and harmed if the limited and narrowly tailored number of documents it identifies as "Confidential" and/or "Subject to Protective Order" are disclosed to the public. The specific competitive harm and/or prejudice that Ford will suffer if each category of "Protected Documents" described in Paragraph 1 is disseminated without entry of this Stipulated Protective Order is as follows:

(a) <u>Future Model Year Vehicles, Designs, and Design Concepts</u>: Ford would suffer competitive harm if documents and materials reflecting designs and design concepts applicable to future model year vehicles or technologies were disseminated to the public and/or to Ford's competitors. Ford would suffer competitive harm because a competitor could utilize the research underlying Ford's design concepts by: (1) applying such research to the competitor's own potential design concepts (whether in comparison or contrast), thereby undercutting the time the competitor would have spent, and the cost the competitor would have incurred, in developing the technology or design concept, and (2) developing marketing strategies that would contrast the competitor's own design concepts with Ford's based upon this information.

(b) <u>Cost, Profit or Other Financial Information</u>: Ford would suffer competitive harm and prejudice if its confidential and proprietary cost, profit or other financial information was disseminated in the marketplace. The automotive industry is highly competitive. If Ford's competitors and suppliers had possession of Ford's cost, profit and other financial information, they could use such information to unjustly and improperly improve their position in the marketplace and harm Ford's by undercutting Ford's revenues, profits, costs, timetables, and by damaging Ford's future bargaining power. Further, public dissemination of Ford's confidential financial information could fundamentally alter and harm Ford's position in the marketplace.

1    (c)    <u>National Highway Traffic Safety Administration (NHTSA) Proposed FMVSS 216 Rulemakings</u>: Ford would suffer competitive harm if its confidential communications with NHTSA regarding proposed FMVSS 216 rulemaking were disseminated in the marketplace. Ford's communications with NHTSA in this regard contain information pertaining to potential designs and design concepts for future Ford vehicles, the dissemination of which would cause Ford competitive and/or irreparable harm. Further, this information has been afforded confidential treatment by both NHTSA and Ford as provided in 49 CFR 512.

(d)    <u>Technologically Advanced Engineering Concepts, Designs and Testing</u>: Ford would suffer competitive harm if its confidential and proprietary technologically advanced engineering concepts, designs and testing were disseminated in the marketplace. The automotive industry is highly competitive, and being first to the market with a new concept or new features can confer a distinct competitive advantage to an automotive manufacturer, translatable into sales and profits. Accordingly, Ford's competitors could use Ford's technologically advanced engineering concepts and designs to design and/or develop the same or similar concepts and designs sooner than they otherwise would have and/or at a lower cost, since Ford's competitor would not have incurred the substantial time, research, testing, and developmental costs that Ford had incurred. This would allow a competitor to get a product to market sooner with an advanced concept that the product may not otherwise feature, at Ford's expense and to Ford's detriment in the marketplace.

(e)    <u>Proprietary Engineering Methodologies, Designs and Testing</u>: Ford would suffer competitive harm if documents and materials reflecting its proprietary engineering methodologies, designs and tests were disseminated in the marketplace. Ford's competitors could use Ford's proprietary engineering methodologies, designs and test data in the development of their own designs with significantly less effort than Ford and with significantly less costs incurred, and thus would be able to get a

product to market sooner than they would have otherwise and/or would be able to get their product to market at a lower cost, since they would not have incurred the substantial research, testing, and developmental costs that Ford had incurred. Further, if Ford's proprietary engineering methodologies, designs and test data were disseminated to a competitor without protection, an original equipment manufacturer or an aftermarket part or product manufacturer could improperly produce a pirated replica of Ford's proprietary design for sale and use in the marketplace.

    This Protective Order sets forth a good faith requirement for Ford's determination that the Protected Documents which will be produced by Ford pursuant to this Protective Order are, in fact, trade secrets, confidential technical information or other commercially sensitive information, the dissemination of which would damage Ford's competitive position in the marketplace. Moreover, this Protective Order sets forth sufficient means to challenge any document plaintiffs contend should not be subject to the terms of this Protective Order. This Protective Order is necessary to avoid delay and burdening the Court by requesting multiple Orders seeking to deem specific documents Confidential under a Protective Order.

Dated: August 27, 2010      SNELL & WILMER L.L.P.

             By://s// Robert J. Gibson
              Robert J. Gibson
              Bobbie Eftekar
              Attorneys for FORD MOTOR COMPANY

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 27, 2010 | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| 3 | | |
| 4 | | By: /s// Fabrice N. Vincent |
| 5 | |    Fabrice N. Vincent<br>   Cecilia Han |
| 6 | |    Attorneys for Plaintiffs |
| 7 | Dated: August 27, 2010 | TURNER & ASSOCIATES PA |
| 8 | | |
| 9 | | By: /s// Jerry White |
| 10 | |    C. Tab Turner<br>   Jerry White |
| 11 | |    Attorneys for Plaintiffs |
| 12 | Dated: August 27, 2010 | YOKA & SMITH L.L.P. |
| 13 | | |
| 14 | | By: /s// Kathy Schmeckpeper |
| 15 | |    Walter Yoka<br>   Kathy Schmeckpeper |
| 16 | |    Attorneys for Plaintiffs<br>   CONTINENTAL TIRE NORTH |
| 17 | |    AMERICA, INC. |
| 18 | Dated: August 27, 2010 | WILSON, ELSER, MOSKOWITZ, |
| 19 | | EDELMAN & DICKER, LLP |
| 20 | | |
| 21 | | By: /s// George A. Pisano |
| 22 | |    George A. Pisano<br>   Attorneys for TRW VEHICLE |
| 23 | |    SAFETY SYSTEMS, INC. |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

| | | |
|---|---|---|
| 1 | Dated: August 27, 2010 | WEINSTEIN TIPPETTS & LITTLE LP |
| 2 | | |
| 3 | | By://s// Katheryne MarDock |
| 4 | | David B. Weinstein |
| 5 | | Katheryne MarDock |
| | | Attorneys for TRW VEHICLE |
| 6 | | SAFETY SYSTEMS, INC. |

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

10812981. 6    -13-    Case No. CV09-03004 GHK (FMOx)
STIPULATED PROTECTIVE ORDER

# **EXHIBIT A**

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2. I agree that my signature below submits me to the jurisdiction of the Central District of California, Western Division, in which the action of *Kathleen Murphy and Daniela Verela vs. Ford Motor Company, et al.;* Case No. CV09-03004 GHK (FMOx);  is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

**FURTHER AFFIANT SAYETH NOT:**
This \_\_\_\_\_ day of _____, 200\_\_\_.

_____
Signature

SUBSCRIBED AND SWORN to before me
this \_\_\_ day of _____, 200\_\_\_.

_____
NOTARY PUBLIC

My Commission Expires:

# **EXHIBIT B**

## **AFFIDAVIT OF RETURN OR DESTRUCTION OF CONFIDENTIAL DOCUMENTS**

I_____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

    I do hereby attest that I have returned or destroyed the originals and all copies of Confidential Documents and Information which was produced pursuant to the terms of this Order.

    **FURTHER AFFIANT SAYETH NOT:**
    This _____ day of _____, 200___.

_____
Signature

SUBSCRIBED AND SWORN to before me
this ___ day of _____, 200___.

_____
NOTARY PUBLIC

My Commission Expires:

10812981. 6   -15-   Case No. CV09-03004 GHK (FMOx)

STIPULATED PROTECTIVE ORDER

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, California 92626.

On August 30, 2010 I served, in the manner indicated below, the foregoing document described as:

**STIPULATED PROTECTIVE ORDER; DECLARATION OF DAVID WOTTON IN SUPPORT; [PROPOSED] ORDER THEREON**

on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa addressed as follows:

| | |
|---|---|
| **PLAINTIFF COUNSEL** | Fabrice N. Vincent, Esquire<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 30th Floor<br>San Francisco, California 94111.3339<br>415.956.1000<br>415.956.1008, fax<br>fvincent@lchb.com |
| **PLAINTIFF COUNSEL** | C. Tab Turner, Esquire<br>TURNER & ASSOCIATES PA<br>4705 Somers Avenue, Suite 100<br>North Little Rock, Arkansas 72116<br>501.791.2277<br>501.791.1251, fax<br>tab@tturner.com |
| **DEFENDANT COUNSEL**<br><br>**CONTINENTAL TIRE NORTH AMERICA, INC.** | Walter M. Yoka, Esquire<br>YOKA & SMITH LLP<br>777 South Figueroa Street, Suite 4200<br>Los Angeles, California 90017<br>213.427.2300<br>213.427.2330, fax<br>wyoka@yokasmith.com |
| **DEFENDANT COUNSEL**<br><br>**TRW VEHICLE SAFETY SYSTEMS, INC.** | George A. Pisano, Esquire<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP<br>555 South Flower Street, Suite 2900<br>Los Angeles, California 90071.2407<br>213.443.5100<br>213.443.5101, fax<br>George.pisano@wilsonelser.com |

10812981.6    -16-    Case No. CV09-03004 GHK (FMOx)
STIPULATED PROTECTIVE ORDER

| **DEFENDANT COUNSEL** **TRW VEHICLE SAFETY SYSTEMS, INC.** | David B. Weinstein, Esquire (*pro hac*) Katheryne MarDock, Esquire (*pro hac*) WEINSTEIN TIPPETTS & LITTLE LP 7660 Woodway, Suite 500 Houston, Texas 77063 713.244.0800 713.244.0801, fax David.weinstein@wtllaw.com Katheryne.mardock@wtllaw.com |
|---|---|

_x_   BY E-FILING (USDC Central): I caused such document to be sent electronically to the court; pursuant to General Order No. 08-02, electronic filing constitutes service upon the parties who have consented to electronic service.

_x_   FEDERAL:  I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED on August 30, 2010, at Costa Mesa, California.

　　　　　　　　　　　　//s//Louise Mishler
　　　　　　　　　　　　Louise Mishler